# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent,**

**vs)  No. 15-0110** (Clay County 14-F-12)

**Clarke Patterson,**
**Defendant Below, Petitioner.**

**FILED**

**April 8, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Clarke Patterson, by counsel Kevin W. Hughart and Christen M. Justice, appeals the February 18, 2015, amended scheduling order of the Circuit Court of Hancock County[1] following his convictions for use of obscene matter with the intent to seduce a minor and sexual abuse by a parent, guardian, custodian, or person in a position of trust.[2] Respondent the State of West Virginia, by counsel Jonathan E. Porter, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and his two children were living in a homeless shelter when D.H.'s family invited them to stay in their home. D.H., the alleged victim, was thirteen years old at that time. Petitioner allegedly tricked D.H. into looking at pictures of his genitals on his phone and caressed her inner thigh while asking how it made her feel. He also allegedly entered D.H.'s bedroom, placed his hands on her hips, and ground sexually against her from behind. According to D.H.'s mother, D.H. told her of these incidents and, when confronted, petitioner admitted the behavior but claimed it was part of a joke. D.H.'s family evicted petitioner from their home and contacted law enforcement.

---

[1] While the February 18, 2015, order was titled as an amended scheduling order, this order corrected certain errors contained in the January 8, 2015, sentencing order. Therefore, we will treat the appeal as an appeal from a sentencing order.

[2] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

Petitioner was charged with one count of "Use of Obscene Matter with Intent to Seduce Minor" in violation of West Virginia Code § 61-8A-4, and he was indicted by a grand jury of the same, in addition to one count of "Sexual Abuse by a Parent, Guardian, Custodian or Person in Position of Trust" in violation of West Virginia Code § 61-8D-5. Petitioner was tried by a jury on July 23, 2014, and he was found guilty of both charges. On December 15, 2014, he was sentenced to a term of not less than one nor more than five years for "Use of Obscene Matter with Intent to Seduce a Minor" and not less than ten nor more than twenty years for "Sexual Abuse by a Parent, Guardian, Custodian or Person in Position of Trust," with the sentences to run concurrently. Petitioner appeals from his convictions.

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

On appeal, petitioner asserts three assignments of error. First, he contends that he received ineffective assistance of trial counsel. Petitioner argues that his counsel's opening statement was far too succinct and that the circuit court had to make objections during the trial on petitioner's behalf because his counsel failed to do so.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). However, we have long held that,

> [i]t is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett,* 187 W.Va. 760, 421 S.E.2d 511 (1992). In a direct appeal, it is difficult for this Court to determine "whether the attorney's performance below was ineffective or merely the result of trial strategy." *State v. Bess*, 185 W.Va. 290, 293, 406 S.E.2d 721, 724 (1991). Further, this Court has cautioned that "[i]neffective assistance claims raised on direct

2

appeal are presumptively subject to dismissal." *State v. Miller*, 197 W.Va. 588, 611, 476 S.E.2d 535, 558 (1996). While petitioner argues that this is the extremely rare case where this Court should find ineffective assistance of counsel on direct appeal, his argument fails to support that assertion. Based on the record before this Court on direct appeal, we are unable to determine whether trial counsel's performance was ineffective or the result of trial strategy. Therefore, we reject petitioner's first assignment of error.

Petitioner's second assignment of error is that the circuit court impermissibly admitted evidence subject to Rule 404(b) of the West Virginia Rules of Evidence. The State filed a motion to admit evidence that petitioner made sexual advances and statements to the child victim of a sexual nature in two counties. The State argued below that the statements were admissible res gestae as evidence of petitioner's lustful disposition toward D.H., rather than Rule 404(b) evidence. The circuit court entered an order finding that the statements showed such lustful disposition toward D.H., so they were admissible. During D.H.'s trial testimony, the circuit court instructed the jury that the testimony was being offered for the limited purpose to show the absence of mistake or disposition of petitioner toward D.H. and for that purpose only. Petitioner asserts that this was clearly Rule 404(b) evidence, which caused him unreasonable prejudice.

"'Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard.' Syl. pt. 1, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995)." Syl. Pt. 5, in part, *Lacy v. CSX Transp. Inc.*, 205 W.Va. 630, 520 S.E.2d 418 (1999). Rule 404(b) of the West Virginia Rules of Evidence prohibits "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." In syllabus point two, in part, of *Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990), we held that "[c]ollateral acts or crimes may be introduced in cases involving child sexual . . . abuse victims to show the perpetrator had a lustful disposition towards the victim . . . provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment. . . ."[3] Where an offer has been made of lustful disposition evidence pursuant to *Edward Charles L.*, the reviewing court must evaluate the admissibility of that evidence. *See State v. Jonathan B.*, 230 W.Va. 229, 237-38, 737 S.E.2d 257, 265-66 (2012). In the instant case, petitioner is not critical of the circuit court's analysis, instead arguing that the statements fell under Rule 404(b) rather than the exception to that rule. The circuit court considered the statements and the parties' arguments in a hearing prior to trial and determined that the statements constituted res gestae evidence. The circuit court also gave a limiting instruction at the time the statements were introduced to the jury. Based on the record before this Court, we find that the circuit court did not abuse its discretion in permitting the State's introduction of D.H.'s statements in order to establish petitioner's lustful disposition toward D.H.

---

[3] During the trial before the circuit court, D.H. testified that the incident that occurred in Clay County happened during the limited time that petitioner resided with her family at their home in Calhoun County. Also during the trial, D.H.'s mother testified that petitioner resided with them from September of 2013 through November of 2013. Petitioner was indicted in Calhoun County in May of 2014, only two months after being indicted in Clay County, on similar charges involving the same victim.

3

Finally, petitioner argues that the circuit court impermissibly admitted hearsay evidence in violation of Rule 403 of the West Virginia Rules of Evidence. This assignment of error stems from D.H.'s mother's testimony that petitioner

> asked [D.H.] if he could teach her the way of the world or the way of life insinuating that he wanted to have sex with her and put his hand on her inner thigh with her clothes on and asked her how that made her feel, if she got any kind of tingling feeling or butterflies in her stomach . . . and was telling her about different instances in his life where an older man taught his sister . . . the way of the world and how his daughter . . . had been messed with by one of his family members . . . let me back up. About him putting his hands on her hips and grinding his pelvic area into her buttocks.

At that point, the circuit court told the jury that the testimony was not being offered for the truth of the matter but was "only showing what action [petitioner] took." Petitioner contends that D.H.'s mother should not have been permitted to offer such testimony since D.H. testified against petitioner. However, in a puzzling argument, petitioner admits that if D.H.'s testimony and evidence were to be believed, they were likely to convince impartial minds of petitioner's guilt beyond a reasonable doubt. Petitioner continues by arguing that he was harmed by the excessive testimonial evidence of a sensitive nature.

At the time of petitioner's trial, Rule 403 of the West Virginia Rules of Evidence provided that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[4] Generally, "we will not disturb . . . evidentiary rulings absent an abuse of discretion by the trial court." *State v. Sutphin*, 195 W.Va. 551, 560, 466 S.E.2d 402, 411 (1995). The vast majority of the victim's testimony related to the mother's actions after learning of petitioner's behavior, which was not hearsay. Petitioner admits that if the jury believed D.H.'s testimony, that was sufficient to support his conviction. Therefore, to the extent that any of the testimony at issue was improper hearsay, we find that the same constituted harmless error. *See* Syl. Pt. 13, *State v. Bradshaw*, 193 W.Va. 519, 457 S.E.2d 456 (1995) ("In the realm of a nonconstitutional error, the appropriate test for harmlessness is whether we can say with fair assurance, after stripping the erroneous evidence from the whole, that the remaining evidence independently was sufficient to support the verdict and the judgment was not substantially swayed by the error.")

For the foregoing reasons, we affirm.

Affirmed.

---

[4] Rule 403 of the West Virginia Rules of Evidence was amended effective September 2, 2014. However, petitioner's trial took place on July 23, 2014.

4

**ISSUED:  April 8, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II